**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Vreba-Hoff Dairy Development, LLC,     Case No. 3:18CV880

        Plaintiff

       v.                                **ORDER**

Marinus J.M. Van Zelst,

        Defendant

     This is a dispute between two investors in an Ohio dairy business, plaintiff Vreba-Hoff Dairy Development, LLC (VH Dairy Development), and defendant Marinus J.M. Van Zelst, a citizen of the Netherlands.

     After Van Zelst moved to dismiss the case for lack of subject-matter jurisdiction (Doc. 7), I ordered VH Dairy Development to "file an affidavit stating the citizenship of each member of plaintiff's LLC and each sub-member, if applicable." (Doc. 9 at 1). I also held further scheduling in abeyance "pending notification from plaintiff that it has perfected service of process under [the] Hague Convention, or [a] stipulation from the parties that service has been otherwise accomplished." (*Id.*).

     Rather than file the requested affidavit (or advise the court in any respect as to service of process on the defendant), VH Dairy Development filed a non-notarized document styled "Response to Citizenship of Vreba-Hoff Dairy Development, LLC." (Doc. 10).

While that document fails to comply with my prior order, it does establish that this case involves U.S. citizens and aliens on the plaintiff side and only an alien on the defense side. For that reason, I lack subject-matter jurisdiction over this case.

According to its response, VH Dairy Development is a Michigan LLC that is "held by" another LLC, Vreba-Hoff Holdings (VH Holdings).[1] (*Id.* at 1) VH Holdings, in turn, "is owned in equal shares by Van Bakel Onroergood BV" (Van Bakel), which plaintiff characterizes as "a Dutch Limited Liability Company," and "Vander Hoff Dairy Management, LLC" (VH Dairy Management), a Michigan LLC. (*Id.*).

VH Dairy Management has six members, each of whom is "a United States of America citizen." (*Id.*). (Plaintiff does not identify the states of which the members are citizens).

Plaintiff represents that Van Bakel's "ultimate owner" is "Vreba Dairy BV," which plaintiff characterizes as "a Dutch Limited Liability Company" that is "ultimately owned by Willy Van Bakel who is a Brazilian citizen." (*Id.* at 2).

Under 28 U.S.C. § 1332(a), I have diversity jurisdiction over suits between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; and (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" But none of these provisions creates subject-matter jurisdiction over this suit.

First, the only defendant in this case – Van Zelst – is a citizen of the Netherlands. Accordingly, "jurisdiction . . . cannot be predicated on either § 1332(a)(1) or (a)(3) because U.S. citizens are not on both sides of the controversy." *U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008).

---

[1] I interpret this to mean that VH Holdings is the sole member of VH Dairy Development.

Second, § 1332(a)(2) does not permit me to adjudicate this dispute "because this case is not between citizens of a State and citizens or subjects of a foreign state, but rather, involves a combination of domestic and foreign plaintiffs and a foreign defendant." *Id.*

Initially, I note that plaintiff's characterization of the two *besloten vennotschap* (BV) entities in this case as Dutch limited liability companies, whose citizenship would depend on the citizenship of its members and sub-members, is incorrect.

The Seventh Circuit held in *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014), that "the Netherlands BV" resembles an American close corporation and thus counts as a "'corporation' for the purpose of § 1332." Under *BouMatic*, which I find persuasive, Van Bakel would be a citizen of the Netherlands, and I would not need to inquire into the citizenship of its "ultimate owner," Vreba Dairy BV, or that of Willy Van Bakel, who, in turn, owns Vreba Dairy BV.

Because the case involves citizens of the Netherlands and the United States (the six members of VH Dairy Management) on the plaintiff side, and a Dutch national on the defense side, jurisdiction does not exist under § 1332(a)(2). *See U.S. Motors*, *supra*, 551 F.3d at 422–24. In any event, even if VH Dairy Development's characterization of BVs were correct, that would simply mean that the plaintiff side would include citizens of the United States and Brazil (Willy Van Bakel), and subject-matter jurisdiction would still be lacking.

Because this is a case between aliens and citizens on the plaintiff side and only an alien on the defense side, I must dismiss the case for lack of subject-matter jurisdiction.

**Conclusion**

It is, therefore

ORDERED THAT defendant's motion to dismiss for lack of subject-matter jurisdiction (Doc. 7) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge